UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yaritza Hernandez, | Case No. 2:19-cv-01528-JCM-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Charlie Tabilangan and LVGV, LLC dba M Resort Spa Casino, | |
| Defendants. | |

Before the Court is Defendant LVGV, LLC dba The M Resort Spa Casino's ("The M") motion to enforce the settlement agreement. (ECF No. 70). The parties reached a settlement at the conference on November 9, 2022. (ECF No. 66). The parties agreed to settle Plaintiff's claims against Defendants with a full release of claims in consideration for a confidential sum. (ECF No. 69 at 4-5). Because I find that Plaintiff's allegations that she entered into the agreement under duress are unsupported, I recommend granting the motion to enforce.

The M moved to enforce the settlement after Plaintiff filed a letter with the Court on her own behalf, expressing her displeasure with the settlement conference. (ECF No. 68-1). Plaintiff alleged that one of her attorneys, Peter Isso, attended via phone without telling her; that Mr. Isso and her other attorney James Sabalos threatened to put her in jail and threatened her and her daughter's lives; that I condoned the threats; that she accepted the agreement under coercion; and that she wishes to proceed to trial. (*Id*.). Plaintiff's counsel responded to Defendant's motion to enforce, countering Plaintiff's version of events and pointing out that Plaintiff acknowledged her agreement with the settlement on the record. (ECF No. 72). Counsel asserted that Plaintiff was aware that Mr. Isso would attend via phone, strongly refuted Plaintiff's allegation that they threatened her or that any threatening statements occurred during the settlement, and noted that Plaintiff did not display any reluctance or hesitation in accepting the settlement. (*Id.* at 72-1).

I held a hearing on the motion to enforce settlement on February 17, 2023. (ECF No. 79). At that hearing, I addressed Plaintiff's motion to extend time and motion for me to recuse. (*Id.*) (addressing (ECF Nos. 77, 78)). I denied both. (*Id.*). I found that Plaintiff would already have the additional time she requested to dispute the settlement because I would issue a report and recommendation on the issue to the district judge. (*Id.*). And because I was the settlement judge, after I issued the report and recommendation, I would be required to recuse anyway. (*Id.*).

**I.   Discussion**

District courts have inherent authority to enforce settlement agreements in pending cases. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Granting a motion to enforce settlement is a dispositive matter, so a report and recommendation is appropriate when the motion is handled by the assigned magistrate judge. *Se Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1044-45 (D. Nev. 2021). "[I]t is well established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (internal citations omitted). Interpretation of a settlement agreement is governed by principles of state law. *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993). In Nevada, basic contract principles require an offer and acceptance, meeting of the minds, and consideration. *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (Nev. 2005). The district court may only enforce complete settlement agreements, the material terms of which are not uncertain. *See Callie v. Nar*, 829 F.2d 888, 890 (9th Cir. 1987); *see Sagastume v. Wireless Communications of Nevada #7 LLC*, 2:19-cv-00997-RFB-VCF, 2021 WL 3566369, at *1 (D. Nev. Jan. 27, 2021). A contract is voidable when there has been an "improper threat" that leaves the victim of the duress with "no reasonable alternative" than to assent. SEE RESTATEMENT (SECOND) OF CONTRACTS § 175(1) (1981); *see also* 28 Williston on Contracts § 71:11 (4th ed.).

Here, there is no dispute as to the terms of the settlement, only whether Plaintiff's agreement with those terms was coerced. However, Plaintiff has not put forward evidence that she was threatened into accepting the agreement sufficient for me to find that she had "no reasonable alternative" other than to assent. Plaintiff's allegations are not made in sworn

declarations. On the other hand, her counsel's declarations regarding what occurred at the conference are sworn. While I recognize that Plaintiff may not have been aware that she could file a sworn declaration—acting on her own as she was—on the other hand, her counsel is bound not only by their sworn declarations, but by the Rules of Professional Conduct. This gives weight to the credibility of her counsel's statements that they did not threaten her.

Even if Plaintiff perceived counsel's statements to be threats, her perception is not shared by counsel or by me. I did not witness or perceive that Plaintiff's counsel was threatening her during the conference. And I did not condone any threats.

Additionally, even if Plaintiff believed she was being threatened, it is unclear that those threats left her with "no reasonable alternative" than to agree to the settlement. Indeed, the transcript of the conference shows that Plaintiff had an opportunity to address any threats but did not.

> Mr. Sabalos: Everything you've stated, Your Honor, is accurate and as I understood it and as a consequence of that. [sic] However for my ethical obligations and the Court's I ask that the Court – and then I trust the Court will ask my client if she believes that's appropriate. So, Ms. Hernandez, can you rise, please.
> …
> The Court: Ms. Hernandez, you heard the outline that I gave of the settlement and the parties' additions, brief additions, to what the agreement is?
> The Plaintiff: Yes.
> The Court: And that is your understanding of the agreement you entered into here today with the defendants?
> The Plaintiff: Yes.
> The Court: And that's what you want to do and accept that agreement?
> The Plaintiff: Yes.

(ECF No. 69 at 6-8).

Plaintiff did not appear to be in distress when accepting the terms of the agreement. And Mr. Sabalos' declaration also provides that he "did not detect at the time the Court conducted the hearing on the record, any hesitation or reluctance on the part of the Plaintiff to acknowledge the material terms and conditions of the settlement." (ECF No. 72-1 at 4). Moreover, even though Plaintiff claims that she was forced to accept the agreement, only a few days after the settlement,

she sent her letter outlining the reasons she felt threatened.  (ECF No. 68).  Plaintiff also appeared in person at the hearing set on this matter on February 17, 2023.  That Plaintiff submitted this letter where her attorneys and I could read it and then appeared to advance her arguments cuts against the notion that Plaintiff might have been too afraid to speak up during the settlement conference about the treatment she was allegedly receiving.  And although Plaintiff asserts to have found new counsel, Keira Stevenson, in her letter—which could possibly explain why she waited until now to speak up—her new counsel has yet to appear or take any action in this case.  Nor did her new counsel appear at the hearing on this motion.  I thus do not find that Plaintiff was threatened into believing she had no reasonable alternative other than to assent.  I find that the parties reached a binding and enforceable settlement agreement, the essential terms of which were confirmed on the record.

**IT IS THEREFORE RECOMMENDED** that the motion to enforce the settlement agreement (ECF No. 70) be **GRANTED** and that Plaintiff's case be dismissed with prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 23, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE